**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco Antonio TORRES–ROJAS, also known as Jorge Antonio Torres–Hernandez and Jorge Antonio Hernandez, Defendant–Appellant.**

No. 01–1832.

United States Court of Appeals,
Sixth Circuit.

March 12, 2002.

Before KENNEDY, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Marco Antonio Torres–Rojas pleaded guilty to being an illegal alien who was present in the United States after a felony conviction. *See* 8 U.S.C. § 1326(a). On June 14, 2001, Torres–Rojas was sentenced to sixty months of imprisonment and two years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The attorney who represented Torres–Rojas in the district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that his client may wish to argue that his guilty plea was invalid and that his sentence was not lawfully imposed. Torres–Rojas has not filed a timely response to counsel's motion.

The district court determined that Torres–Rojas was competent, and he had no apparent difficulty in responding to the judge's inquiries without an interpreter. The court also established that he understood his rights, the nature of the charges, and the consequences of his plea. Torres–Rojas acknowledged a factual basis for his plea and clearly indicated that his guilty plea was voluntary. He was represented by counsel, and he has not made any attempt to withdraw his plea. Under the circumstances, we conclude that the guilty plea was valid.

The presentence report indicated that Torres–Rojas was subject to a sentencing guideline range of 70 to 87 months. However, the district court granted defense counsel's motion and reduced his offense level under USSG § 5K2.0, which resulted

---

in a guideline range of only 57 to 71 months. Counsel also argued for an offense-level reduction based on an injury to his client's leg. However, the court properly denied this motion because such an injury is adequately considered in the sentencing guidelines. *See* USSG § 5H1.4, p.s. (2000).

Torres–Rojas did not object to the presentence report, and he did not raise any other legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Wade*, 266 F.3d 574, 585–86 (6th Cir.2001). No other potential error is apparent from the present record.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.